UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DISTRICT

_____

| | |
|---|---|
| Lyon Financial Services, Inc., a Minnesota corporation, doing business as USBancorp Business Equipment Finance Group, with its principal offices at Marshall, Minnesota | Civil File No. 0:05-1933 JRT/AJB |
| Plaintiffs, | **REPORT AND RECOMMENDATION ON MOTION FOR REMAND** |
| v. | |
| Strong Management, Inc., a Florida corporation and David C. Strong, Individually, | |
| Defendants and Counter-claimants, | |

_____

      Kevin K. Stroup, Esq., Stoneberg Giles & Stroup, PA, on behalf of Lyon Financial Services, Inc.;

      Timothy A. Beeton, Esq., Simpson, Beeton & Finegan LLP, and C. Thomas Wilson, Esq., Gislason & Hunter LLP, on behalf of Strong Management Inc. and David C. Strong.

      This matter is before the court, United States Magistrate Judge Arthur J. Boylan, on plaintiff Lyon Financial Services, Inc.'s motion for remand of the action to state court. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Hearing was held on November 9, 2005, in Courtroom #5 of the United States Courthouse, 180 East Fifth Street, St. Paul, MN 55101.

Based upon the file and documents contained therein, along with the memoranda and arguments of counsel, it is **HEREBY RECOMMENDED** that plaintiff's Motion for Remand to state court in Lyon County, Minnesota, be **granted** [Docket No. 6] on grounds that the amount in controversy is insufficient to establish federal jurisdiction.

Dated:   November 23, 2005

                                       s/ Arthur J. Boylan
                                      Arthur J. Boylan
                                      United States Magistrate Judge

**MEMORANDUM**

Lyon Financial Services, Inc. originally brought this action in Lyon County District Court of the State of Minnesota on July 26, 2005 alleging, *inter alia*, breach of contract by Strong Management, Inc. and David C. Strong, individually (Strong), for failure to make payments under an equipment rental agreement.  On August 25, 2005, Strong gave notice of removal from Lyon County District Court to federal court and filed a counterclaim against Lyon Financial alleging fraud and conspiracy to commit fraud. Lyon Financial subsequently filed a motion to remand on September 15, 2005, requesting that this court remand this case back to the Lyon County District Court.  Defendants oppose the motion to remand.  Plaintiff seeks remand to state court on the basis of a forum selection clause in the equipment rental agreement in dispute in this case and, alternatively, it is alleged that Strong has failed to establish a jurisdictional basis for removal to this court.  The court herein finds that the amount in controversy is insufficient to establish federal diversity jurisdiction.

Lyon Financial argues that remand is proper because Strong fails to establish a jurisdictional basis for removal to federal court by means of diversity jurisdiction or that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) as a matter arising under or related to a bankruptcy case. District courts have jurisdiction to hear a civil action between citizens of different states upon removal to district court where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). In determining whether the amount in controversy complies with the statutory threshold, as a general rule it is the sum claimed by the plaintiff in the complaint that controls. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586 (1938); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). While a defendant has a statutory right to remove in limited circumstances, the plaintiff is still the master of his own claim. *City of University City, Missouri v. AT & T Wireless Services, Inc.*, 229 F.Supp.2d 927, 933 (E.D.Mo., 2002). However, in certain instances courts have measured the matter in controversy from the standpoint of the defendant where the, "pecuniary value of the matter in dispute may be determined by the pecuniary result to one of the parties immediately from the judgment." *Hatridge*, 415 F.2d at 815 (*quoting Smith v. Adams*, 130 U.S. 167, 175, 9 S.Ct. 566, 569 (1889)). Therefore, upon a motion to remand by the plaintiff, the burden of establishing federal subject matter jurisdiction lies with the removing party. *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir.1991). In the present case, Strong argues that Lyon Financial's claim in the complaint seeking $45,988.28 plus costs, interest and disbursements could exceed $75,000 should plaintiff prevail. However, counsel Kevin K. Stroup for Lyon Financial, stipulated on the motion hearing record that Lyon would not seek more than $74,999.99

3

in this matter.  Alternatively, Strong argues that the value of its counterclaims against Lyon Financial exceed $75,000 and must be considered in determining the amount in controversy for diversity jurisdiction.  Strong cites two Eighth Circuit cases for the proposition that courts may measure the amount in controversy from the standpoint of the defendant or defendant's risk.  *Hatridge*, 415 F.2d at 815 (taking into account policy liability of defendant insurer in determining the amount in controversy should plaintiff prevail in holding that diversity jurisdiction was met); *Curtis v. Sears, Roebuck & Company*, 754 F.2d 781 (8th Cir. 1985) (holding that the district court has the power to retain diversity jurisdiction on basis of compulsory counterclaim).  However, these cases are distinguishable from the present circumstances and thus fail to support Strong's claims that diversity jurisdiction exists in the this matter.  First, in *Hatridge*, the Eighth Circuit considered defendant insurer's pecuniary risk in determining the amount in controversy in a declaratory action brought by the insurer in federal court against three parties: the alleged insured, an individual who had obtained a tort judgment against the insured, and that individual's wife in relation to a judgment against the insured for loss of consortium.  *Hatridge,* 415 F.2d at 811.  In evaluating the amount in controversy, the *Hatridge* court considered the pecuniary effect that an adverse judgment against the insurer would have considering the two other judgments against the insured.  *Id.* at 815.  Thus, in *Hatridge* the court considered the defendant's risk in regard to the amount in controversy as it related to the plaintiff's claim, not upon counterclaims by the defendant insurer.  More importantly, the Eight Circuit in *Hatridge* did not expressly adopt the pecuniary risk reasoning and the holding was based on Arkansas state law and issues of pendent jurisdiction.  *North Dakota v. Merchants Bank & Trust Co.,* 634 F.2d 368, 372 n.

4

7 (8th Cir.1980)(discussing *Hatridge*). In addition, *Curtis* is distinguishable from the present case because there the court was evaluating a case that had originally been brought in federal court. *Curtis*, 754 F.2d at 785. The *Curtis* court recognized the ability of the federal district court to retain a case originally brought in federal court on the basis of an ancillary counterclaim after the plaintiff's original claim had settled, not that the compulsory counterclaim itself established the amount in controversy for purpose of diversity jurisdiction. *Id.* Given the factual differences between the present case and those justifying district court jurisdiction in *Hatridge* and *Curtis*, Strong's request that the amount in controversy be determined from its counterclaims is misplaced. Therefore, because Lyon Financial initiated this lawsuit and has stipulated that it will not seek an amount more than $74,999.99, the amount in controversy does not satisfy the $75,000 threshold of § 1332(a). Finally, Strong's assertion that this court has jurisdiction to hear this case predicated on 28 U.S.C. § 1331 and 28 U.S.C § 1452 granting district courts jurisdiction over cases related to or arising under a bankruptcy case is not supported by the facts. The test for whether a civil action is related to or a core bankruptcy proceeding is, "whether the action could alter the debtor's rights, liabilities or options in a way that impacts upon the handling of the bankruptcy estate." *National City Bank v. Coopers and Lybrand*, 802 F.2d 990, 994 (8th Cir. 1986). Neither Lyon Financial nor Strong are debtors, and while Novergence is a debtor in a bankruptcy estate, Novergence is not a party to this action. The outcome of the present matter will not effect Novergence's rights and therefore this court has no jurisdiction under §§ 1331 and 1452 to retain this matter. Accordingly, for all the foregoing reasons, plaintiff Lyon Financial's motion to remand to state court is granted.